J-S39009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOPHER WAYNE BONSON | |
| Appellant | No. 2096 MDA 2015 |

Appeal from the Judgment of Sentence Entered November 19, 2015
In the Court of Common Pleas of Mifflin County
Criminal Division at No: CP-44-CR-11-2015

BEFORE:  STABILE, J., PLATT,[*] and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:                **FILED JULY 11, 2016**

Appellant, Christopher Wayne Bonson, appeals from the November 19, 2015 judgment of sentence imposing nine to eighteen months of county incarceration for possession of a prohibited offensive weapon (18 Pa.C.S.A. § 908).  We affirm.

The record reveals that Lewistown Police Officer Samuel Snyder responded to a parking lot after receiving a report that Appellant was there.  Appellant was the subject of several outstanding arrest warrants.  As Snyder prepared to handcuff Appellant, Snyder noticed Appellant discard an item to the seat of his car.  Snyder retrieved the item, which turned out to be metal knuckles.  Section 908(c) designates metal knuckles as a prohibited

_____

[*] Retired Senior Judge assigned to the Superior Court.

offensive weapon. 18 Pa.C.S.A. § 908(c). Appellant claims he obtained the metal knuckles at an Army Navy store and used them as a belt buckle. Appellant also claims the knuckles were in his pocket at the time of his arrest because the belt broke earlier that day. The case proceeded to trial on September 11, 2015. A jury found Appellant guilty of possessing a prohibited offensive weapon. The trial court imposed sentence as set forth above, and this timely appeal followed. On appeal, Appellant asserts that the metal knuckles had a lawful purpose because he purchased them as a belt buckle and used them as such. On that basis, Appellant claims the Commonwealth failed to produce sufficient evidence that Appellant violated § 908.

Our well-settled standard of review when evaluating a challenge to the sufficiency of the evidence mandates that we assess the evidence and all reasonable inferences drawn therefrom in the light most favorable to the verdict-winner. We must determine whether there is sufficient evidence to enable the fact-finder to have found every element of the crime beyond a reasonable doubt.

In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon

the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Smith*, 69 A.3d 259, 262 (Pa. Super. 2013), *appeal denied*, 83 A.3d 168 (Pa. 2013).

Section 908(c) defines offensive weapons as implements "for the infliction of serious bodily injury which serve[] no common lawful purpose." 18 Pa.C.S.A. § 908(c). "Section 908 was 'intended to establish a prohibition very nearly absolute aimed at the implements or weapons themselves, whether enumerated or falling within the general definition which are offensive by nature.'" *Commonwealth v. Hitchon*, 549 A.2d 943 (Pa. Super. 1988) (quoting *Commonwealth v. Stewart*, 495 A.2d 584, 594 (Pa. Super. 1985)), *appeal denied*, 562 A.2d 825 (Pa. 1989). "While some conceivable lawful use could be found for almost every object otherwise proscribed by Section 908, the statute does not prohibit only items with no *conceivable* lawful purpose, but, more broadly, items with no *common* lawful purpose." *Commonwealth v. Fisher*, 400 A.2d 1284, 1288 (Pa. 1979) (capitalization in original).

In *Fisher*, the defendant threw away an object while a police officer was questioning the defendant and two others. *Id.* at 1286. "The object […] consisted of a metal handle, with two finger holes, which incorporates two cutting blades, one facing outward, the other inward." *Id.* The defendant produced an advertisement describing the object as a "Wyoming Knife" useful for skinning and cleaning fish and game. *Id.* Since the

Wyoming Knife was not among the items specifically enumerated in § 908, we analyzed whether it was an implement for the infliction of serious bodily injury which served no common lawful purpose. *Id.* at 1287. We observed a distinction between §§ 908 and 907 (possessing instruments of crime) of the Crimes Code, that being § 907's requirement that the Commonwealth prove the defendant's criminal intent. *See* 18 Pa.C.S.A. § 907(b). The *Fisher* Court concluded that "a hunting implement which has a common lawful purpose is not within the scope of the prohibition of Section 908[.]" *Id.* at 1288. Thus, we vacated the defendant's conviction.

In *Hitchon*, the defendant possessed a pen with a retractable pointed steel shaft. *Hitchon*, 549 A.2d at 945. The pointed shaft opened automatically at the push of a button. *Id.* The defendant, a machinist, claimed he used the implement as a metal scriber and/or a center punch. *Id.* at 946. The defendant presented the expert testimony of a precision toolmaker who testified that he owned a similar implement and used it as a scriber and center punch. *Id.* at 947. The Commonwealths' expert countered that he had never seen a spring-loaded scriber and that the design was impractical for that purpose. *Id.* An advertisement described the implement as a discreet defensive tool known as the "guard father." *Id.* The *Hitchon* Court upheld the defendant's conviction, concluding that an automatic-open pointed steel shaft had no common lawful purpose and was capable of inflicting serious bodily injury.

Appellant relies on *Fisher* to support his argument that his metal knuckles have a lawful purpose, in this case a belt buckle. We discern several significant distinctions between this case and *Fisher*. First, § 908 expressly defines metal knuckles as a prohibited offensive weapon. Second, the defendant in *Fisher* produced an advertisement from a sporting goods magazine marketing the defendant's knife as useful for skinning and cleaning fish and game. Knives and other implements with cutting edges have numerous common lawful uses, and thus § 908 limits its prohibition to automatic-open knives, or switchblades. Section 908 expressly prohibits metal knuckles, and the record is devoid of any evidence that metal knuckles have a common lawful purpose. Officer Snyder explained:

> Well, because the idea is that you place your fingers in the holes, the flat part goes against the palm of your hand (demonstrating), and this is used for what we call as an impact weapon. It's something that you are hitting somebody with because obviously – there is a reason boxers wear gloves, it's to not hurt your hands. What this does is by wearing these if you were to strike an individual, you are not going to hurt your hands, and you are going to do more damage to the individual than with just your fist.

N.T. Trial, 9/11/15, at 34.

Appellant claimed he bought the metal knuckles at an Army Navy store as a belt buckle, and when the belt broke he threw it away and kept the knuckles. *Id.* at 32-33. Appellant claimed the belt broke earlier on the day of his arrest and he threw it away but kept the metal knuckles in his pocket. *Id.* at 63. He claimed he intended to buy another belt to use with the

knuckles. *Id.* Appellant's argument fails for two reasons. First, the jury was entitled to find his testimony not credible. Second, *Fisher* teaches that a conceivable lawful purpose for an item is not sufficient to avoid a conviction under § 908. Rather, a defendant must demonstrate a common lawful purpose. In *Fisher*, the defendant established that the knife in question was designed for skinning fish and game. Instantly, the record is devoid of evidence that metal knuckles are commonly used as belt buckles. As in *Hitchon*, the Commonwealth produced evidence that the implement in question is designed for use as a weapon. We therefore affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/11/2016